IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELDON WIGGINS, ) | |
| ) | |
| Plaintiff(s), ) | No. C 08-3150 VRW (PR) |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | WITH LEAVE TO AMEND |
| ALAMEDA COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al, ) | |
| ) | |
| Defendant(s). ) | |

While plaintiff was detained at the Alameda County Jail (ACJ), he filed a complaint under 42 USC § 1983 alleging deliberate indifference to inmate health and safety due to widespread exposure to black mold at ACJ. Plaintiff seeks damages and injunctive relief, as well as leave to proceed on behalf of all ACJ inmates in a class action.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v Atkins</u>, 487 US 42, 48 (1988).

B.  <u>Legal Claims</u>

Plaintiff's request for injunctive relief must be dismissed because it was rendered moot by his recent transfer to San Quentin State Prison. See <u>Dilley v Gunn</u>, 64 F3d 1365, 1368-69 (9th Cir 1995) (when inmate is released from prison or transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot). So must his request to represent ACJ inmates in a class action. See <u>Oxendine v Williams</u>, 509 F2d 1405, 1407 (4th Cir 1975) (pro se prisoner plaintiffs are not adequate class representatives); see also <u>Russell v United States</u>, 308 F2d 78, 79 (9th Cir 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). This action will be limited to a possible individual claim for damages for deliberate indifference to <u>plaintiff's</u> health and safety. All other purported inmate plaintiffs are dismissed.

In order to state an individual claim for damages for deliberate indifference to health and safety, plaintiff must set forth specific facts showing that prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. See <u>Farmer v Brennan</u>, 511 US 825, 837 (1994); <u>Hearns v Terhune</u>, 413 F3d 1036, 1041-42 (9th Cir 2005). Plaintiff must also name individual defendants and set forth specific facts showing how each and every defendant proximately caused

1 the deprivation of a federally protected right.  See <u>Leer v. Murphy</u>, 844 F2d 628,
2 634 (9th Cir 1988).  Conclusory allegations of wrongdoing will not do.  See id.

### CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See <u>King v Atiyeh</u>, 814 F2d 565, 567 (9th Cir 1987).

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.08\Wiggins, W1.dwlta.wpd