IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELDON WIGGINS,<br><br>    Plaintiff(s),<br><br>vs.<br><br>ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al,<br><br>    Defendant(s). | No. C 08-3150 VRW (PR)<br><br>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS |

    Plaintiff seeks leave to proceed in forma pauperis under 28 USC § 1915 in connection with his prisoner complaint alleging deliberate indifference to his health and safety at the Alameda County Jail (ACJ).

    The Prison Litigation Reform Act of 1995 (PLRA) was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 USC § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 USC § 1915(g).

1  Plaintiff has had three or more prior prisoner actions dismissed by a
2  federal court on the grounds that they are frivolous, malicious, or fail to state a
3  claim upon which relief may be granted.  See, e g, <u>Wiggins v Stainer</u>, No C 96-
4  1982 VRW (ND Cal July 29, 1996) (order of dismissal for failure to state a
5  claim); <u>Wiggins v Stainer</u>, No C 95-2428 VRW (ND Cal July 17, 1995) (same);
6  <u>Wiggins v City of Oakland</u>, No C 94-2977 VRW (ND Cal Sept 2, 1994) (same);
7  <u>Wiggins v Alameda County Bd Supervisors</u>, No C 94-1172 VRW (ND Cal June
8  22, 1994) (same).  But he claims he is entitled to proceed <u>in forma pauperis</u> in the
9  instant action because at the time of filing he was in imminent danger of serious
10 physical injury due to widespread exposure to dangerous black mold at ACJ.

11  Under the law of the circuit, plaintiff's allegations are enough to permit
12 him to proceed <u>in forma pauperis</u> in this action under the imminent danger
13 exception of § 1915(g).  See, e g, <u>Andrews v Cervantes</u>, 493 F3d 1047, 1055 (9th
14 Cir 2007) (allegation that plaintiff is at risk of contracting HIV or hepatitis C
15 from other inmates was sufficient to bring his complaint within the imminent
16 danger exception because all that is required is a "plausible allegation" of
17 imminent danger at the time of filing).  It matters not for purposes of § 1915(g)
18 that plaintiff is no longer exposed to black mold because he was recently
19 transferred to San Quentin State Prison.  See id at 1053 n5 (post-filing transfer of
20 prisoner out of the prison at which danger allegedly existed may have made moot
21 his request for injunctive relief against the alleged danger, but it does not affect
22 the § 1915(g) analysis).

23  Plaintiff's application for leave to proceed <u>in forma pauperis</u> under 28
24 USC § 1915 is GRANTED.  The total filing fee due is $ 350.00 and the initial
25 partial filing fee due at this time is $ 0.00.  See 28 USC § 1915(b)(1).  A copy of
26 this order and the attached instructions will be sent to the plaintiff, the prison
27
28

1  trust account office, and the court's financial office.

2      SO ORDERED.

3

4                                                                                /s/

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.08\Wiggins, W1.ifp.wpd

3

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.**
The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:   Plaintiff/Petitioner
      Finance Office

4