IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELDON WIGGINS, | No C-08-3150 VRW (PR) |
| Plaintiff, | |
| v | ORDER OF DISMISSAL |
| ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al, | |
| Defendant(s). | |

Plaintiff, a prisoner currently incarcerated at San Quentin State Prison, and frequent litigant in federal court, filed a pro se civil rights complaint under 42 USC section 1983 alleging deliberate indifference to his health and safety resulting from widespread exposure to black mold to which he was subjected while detained at the Alameda County Jail ("ACJ").  Plaintiff named as defendants the Alameda County sheriff's department, the Santa Rita jail facility, "John and Jane Doe, board of supervisors, trustees" and the California Department of Corrections and Rehabilitation. Doc #1 at 5.

Per order filed on January 9, 2009, the court dismissed

the complaint with leave to amend, advising plaintiff that he "must name individual defendants and set forth specific facts showing how each and every defendant proximately caused the deprivation of a federally protected right. [Citation.]" Doc #20 at 2-3. Plaintiff also was advised that he "must set forth specific facts showing that prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. [Citations.]" Id at 2.

On March 2, 2009, plaintiff filed a first amended complaint, again naming as defendants the Alameda County sheriff's department and John and Jane Doe. Doc #24 at 2-3. Plaintiff also names Alameda County sheriff Gregory J Ahern because he "is directly responsible by <u>Superior Court Order</u> for the care, treatment and protection of inmates" in the Alameda County jail at Santa Rita. Id at 3, emphasis in original.

As was the case with his original complaint, plaintiff's first amended complaint in which he again names the Alameda County sheriff's department and John and Jane Doe fails to identify individual defendants and set forth specific facts showing how each defendant proximately caused the deprivation of a federally protected right. See <u>Leer v Murphy</u>, 844 F2d 628, 634 (9th Cir 1988.)

Further, although plaintiff names Alameda County sheriff Gregory Ahern, he is named only as a supervisory official of the jail. A supervisor may be liable under section 1983 only upon a showing of: (1) personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the

2

supervisor's wrongful conduct and the constitutional violation. Redman v County of San Diego, 942 F2d 1435, 1446 (9th Cir 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v List, 880 F2d 1040, 1045 (9th Cir 1989). Without more, plaintiff's naming of Ahern as a defendant on the apparent basis that he is liable under a respondeat superior theory is insufficient to state a claim against him. See id.

For the foregoing reasons, plaintiff's first amended complaint is DISMISSED.

The clerk is directed to enter judgment in accordance with this order, terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.08\Wiggins-08-3150-order of dismissal.wpd

3